RICHARD H. GOLUBOW – State Bar No. 160434
rgolubow@wghlawyers.com
MATTHEW J. STOCKL – State Bar No. 329366
mstockl@wghlawyers.com
**WINTHROP GOLUBOW HOLLANDER, LLP**
1301 Dove Street, Suite 500
Newport Beach, CA 92660
Telephone:    (949) 720-4100
Facsimile:    (949) 720-4111

Counsel to Plaintiff, Cynthia Edda Mason

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>JERRY CHARLES MASON,<br><br>Debtor.<br><br>CYNTHIA EDDA MASON,<br><br>Plaintiff,<br><br>v.<br><br>JERRY CHARLES MASON,<br><br>Defendant. | Case No. 8:23-bk-10239-TA<br><br>Chapter 7<br><br>Adv. No. _____<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. §§ 523(a)(4), 523(a)(5), AND 523(a)(15)** |

265199

Cynthia Edda Mason ("<u>Plaintiff</u>"), by and through her undersigned counsel, submits the following Complaint to Determine Dischargeability of Debts Pursuant to 11 U.S.C. §§ 523(a)(4), 523(a)(5), and 523(a)(15) (the "<u>Complaint</u>") against Jerry Charles Mason ("<u>Debtor</u>" or "<u>Defendant</u>"), and alleges as follows:

## I.

## JURISDICTION AND VENUE

1.  On February 7, 2023 ("<u>Petition Date</u>"), a voluntary petition for relief under chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, the "<u>Bankruptcy Code</u>") was filed by the Debtor in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "<u>Bankruptcy Court</u>"), assigned Case No. 8:23-bk-10239-TA (the "<u>Chapter 7 Case</u>").

2.  This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rule(s)</u>") seeking to determine the dischargeability of debts, in accordance with Bankruptcy Code Sections 105(a) and 523.

3.  The Bankruptcy Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334, in that this adversary proceeding is a civil proceeding arising in and related to the Chapter 7 Case of <u>In re Jerry Charles Mason</u>.

4.  This adversary proceeding is a core proceeding brought pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (I) and Bankruptcy Code Sections 105(a) and 523.

5.  Venue in the Bankruptcy Court is proper under 28 U.S.C. §§ 1408 and 1409(a), in that this adversary proceeding is a civil proceeding arising in and related to a case under Chapter 7 of the Bankruptcy Code – the Chapter 7 Case - pending in the Santa Ana Division of the United States Bankruptcy Court for the Central District of California.

6.  If this adversary proceeding is determined to be a non-core proceeding, the Plaintiff consents to entry of final orders and judgment by the Bankruptcy Court.  The Defendant is hereby notified that Bankruptcy Rule 7012(b) requires him to admit or deny whether this adversary proceeding is a core or non-core proceeding and, if non-core, to state whether he does or does not consent to entry of final orders or judgment by the Bankruptcy Court.

## II.

## **PARTIES**

7.  At all relevant times herein, the Plaintiff is an individual creditor residing in California and is the spouse or estranged spouse of the Defendant.

8.  Upon information and belief, at all relevant times herein, Defendant is the spouse or estranged spouse of the Plaintiff, resides in Mission Viejo, California, and is the Debtor in the Chapter 7 Case.

## III.

## **FACTUAL BACKGROUND**

9.  On August 27, 2018, the Plaintiff filed a petition for dissolution of marriage in the Superior Court of Orange County (the "Superior Court"), case number 18D007177 ("Dissolution Action").

10. After commencement of the Dissolution Action, the Debtor took possession of a substantial amount of personal property assets that were and at all times have been community property assets, including, without limitation, furniture, fixtures, equipment, jewelry, and collectibles including a wine collection, a knife collection, and a video and compact disc collection (collectively, "Community Property Asset(s)").

11. On May 10, 2023, the Plaintiff filed a motion in the Dissolution Action seeking bifurcation of issues regarding the dissolution of marriage, child and spousal support, and the division of property relating to the Plaintiff and the Defendant's community property and separate property (the "Bifurcation Motion"). The Superior Court has not yet ruled on the Bifurcation Motion or the issues raised therein as the Bifurcation Motion is scheduled to be heard on September 7, 2023.

12. On the Petition Date, the Debtor filed his petition, schedules and statement of financial affairs (collectively, "Schedules").

13. The Schedules signed under penalty of perjury and filed by the Debtor provided, among other things, that:

      a. the Debtor stored personal property with a stated value of $6,000 at a storage facility located in Fontana, California [Docket No. 1, Schedule A/B, part 3, question 6];

      b. the Debtor owns no collectibles [Docket No. 1, Schedule A/B, part 3, question 8]; and

      c. the Debtor owns jewelry valued at $100.00 [Docket No. 1, Schedule A/B, part 3, question 12].

14. The Debtor testified under penalty of perjury on March 20, 2023 and again on April 24, 2023 at the initial and continued meeting of creditors conducted under Bankruptcy Code Section 341(a) (collectively, "Meeting of Creditors").

15. During the Meeting of Creditors, the Debtor testified that he failed to disclose on his Schedules a wine collection, and he failed to identify a second storage facility located in Mission Viejo, California at which the Debtor is allegedly storing the wine collection.  The wine collection is a Community Property Asset that the Defendant took possession and control of as of the commencement of the Dissolution Action, and that Plaintiff contends consists of hundreds of bottles of wine worth tens of thousands of dollars.  The Plaintiff has requested, but the Defendant has failed and refused to provide an accounting of the subject wine collection.

16. The Debtor failed to disclose on his Schedules other Community Property Assets that he took possession and control of as of the commencement of the Dissolution Action, such as a knife collection, and a video and compact disc collection that the Plaintiff contends is worth thousands of dollars.

17. The Debtor also failed to disclose a Rolex watch with an approximate value of $35,000 that was a Community Property Asset the Defendant was in possession and control of as of the commencement of the Dissolution Action.  During the Meeting of Creditors the Defendant testified that he sold the watch but has failed and refused to provide documentation in support of the sale and an accounting of the sale proceeds.

18. The Plaintiff has requested from the Defendant information regarding the existence, characterization, accounting, and evaluation of the Community Property Assets that the Defendant was in possession and control of as of the commencement of the Dissolution Action.

19. The Defendant has failed to make full disclosure to the Plaintiff of all material facts and information regarding the existence and whereabouts of all Community Property Assets that the Defendant, at all relevant times, has been or should have been in possession and control of.

## IV.

## FIRST CLAIM FOR RELIEF

### (Breach of Fiduciary Duty - 11 U.S.C. § 523(a)(4))

20. Plaintiff incorporates each and every allegation contained above, as if fully set forth herein.

21. Section 523(a)(4) of the Bankruptcy Code provides that a discharge under section 727 of the Code does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

22. Upon filing for dissolution, California Family Code § 1100 imposes a general fiduciary relationship for each spouse with respect to the other spouse and the management and the control of the community assets and liabilities. Each spouse is obligated to make full disclosure to the other spouse of all material facts and information regarding the existence, characterization, evaluation of all assets in which the community has or may have an interest and debts which the community is or may be liable, and to provide equal access to all information, records, and books that pertain to the value and the characterization of debts upon request.

23. Furthermore, California Family Code § 1101 provides that a spouse has a claim against the other spouse for breach of fiduciary duty imposed by California Family Code §§ 1100 and 1102 that result in the impairment to the claimant spouses present undivided one half interest in the community estate, including, but not limited to, a single transaction or pattern or series of transactions which transactions or transaction have caused or will cause detrimental impact to the claimant's spouses' undivided one half interest in the community estate.

24. By concealing Community Property Assets, and failing to make full disclosure to the Plaintiff of all material facts and information regarding the existence and whereabouts of all Community Property Assets that the Defendant, at all relevant times, has been or should have been in possession and control of, the Defendant breached his fiduciary duties under Family Code §§ 1100, 1101 and an award for damages in an amount to be proven at trial should be entered in favor of Plaintiff for this breach of fiduciary duty under Bankruptcy Code Section 523(a)(4).

## V.

## SECOND CLAIM FOR RELIEF

### (Domestic Support Obligations - 11 U.S.C. § 523(a)(5))

25. Plaintiff incorporates each and every allegation contained above, as if fully set forth herein.

26. Bankruptcy Code Section 523(a)(5) provides that a discharge under section 727 of the Code does not discharge an individual debtor from any debt for a domestic support obligation.

27. The Superior Court has yet to issue a ruling regarding the setting of child and spousal support.

28. To the extent the Superior Court enters an award of child and spousal support owed by the Defendant, such debt is a "domestic support obligation" as defined in Bankruptcy Code Section 101(14A) and, as such, is nondischargeable pursuant to Bankruptcy Code Section 523(a)(5).

## VI.

## THIRD CLAIM FOR RELIEF

### (Debts Incurred in the Course of a Divorce - 11 U.S.C. § 523(a)(15))

29. The Plaintiff incorporates each and every allegation contained above, as if fully set forth herein.

30. Bankruptcy Code Section 523(a)(15) provides that a discharge under section 727 of the Code does not discharge an individual debtor from any debt to a spouse, former spouse, or child of the debtor that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record.

31.     The Plaintiff has accrued costs and attorneys' fees in the course of the Dissolution Action.  In addition, the Defendant may incur additional debts to the Plaintiff in the course of the Dissolution Action, or in connection with a separation agreement, divorce decree or other order of the Superior Court.

32.     To the extent the Superior Court orders the Defendant to pay or otherwise awards the Plaintiff amounts incurred in the course of the Dissolution Action, such debt is nondischargeable pursuant to Bankruptcy Code Section 523(a)(15).

## VII.

## RELIEF REQUEST

WHEREFORE, the Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant as follows:

A.    Awarding in favor of the Plaintiff a judgment against the Defendant pursuant to 11 U.S.C. § 523(a)(4) in an amount to be proven at trial;

B.    Awarding in favor of the Plaintiff a judgment against the Defendant pursuant to 11 U.S.C. § 523(a)(5) in an amount to be proven at trial;

C.    Awarding in favor of the Plaintiff a judgment against the Defendant pursuant to 11 U.S.C. § 523(a)(15) in an amount to be proven at trial;

D.    Finding that the debts alleged in the first through fourth claims for relief are nondischargeable pursuant to 11 U.S.C. § 523(a)(4), (a)(5), and (a)(15);

E.    Awarding the Plaintiff attorneys' fees and costs incurred in this suit; and

F.    Granting such other and further relief as this Court deems just and appropriate.

DATED: May 19, 2023                             **WINTHROP GOLUBOW HOLLANDER, LLP**

By:    */s/ Matthew J. Stockl*
Richard H. Golubow
Matthew J. Stockl
Counsel to Cynthia Edda Mason